UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
JAMES PAUL SUMMERS,

                              Plaintiff,              **COMPLAINT**

      -against-

                                                                Docket No.:

UNITED STATES OF AMERICA,

                              Defendant.
------------------------------------------------------------------------------X

Plaintiff, complaining of the Defendant, alleges and says:

**PARTIES**

      1.      Plaintiff James Paul Summers is a resident of Otisville, New York, currently incarcerated at Federal Correctional Institution (FCI) Otisville with Inmate Registration Number 17751-055.

      2.      Defendant United States of America is the proper defendant in an action under the Federal Tort Claims Act.

**JURISDICTION AND VENUE**

      3.      This Court has subject matter jurisdiction over this action pursuant to 28 USCS § 1346, which grants federal district courts exclusive jurisdiction over civil actions against the United States for money damages for injury caused by the negligent or wrongful acts or omissions of federal employees acting within the scope of their employment.

4. This Court has personal jurisdiction over the United States of America because the United States has waived sovereign immunity for tort claims under the Federal Tort Claims Act, 28 USCS § 2674.

5. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 USCS § 1402, as the acts and omissions complained of occurred at FCI Otisville, which is located within the Southern District of New York.

**STATEMENT OF FACTS**

6. On September 15, 2023, at approximately 1:15 PM, plaintiff was working as an orderly at FCI Otisville in Otisville, New York.

7. Plaintiff was directed to move an 800-pound file cabinet with the assistance of another inmate.

8. Plaintiff was provided with a dolly to move the file cabinet.

9. The dolly provided was inadequate and unsuitable for moving an object of that weight and size.

10. While plaintiff and the other inmate were moving the file cabinet with the dolly, the dolly shifted.

11. When the dolly shifted, plaintiff's right hand became pinned underneath the file cabinet.

12. As a result, plaintiff suffered severe injuries to his right hand, including a crush injury to the first metacarpal of his right thumb.

13. Plaintiff also suffered deep lacerations to his hand at the base of his right thumb.

14. Plaintiff's right thumb was almost amputated in the incident.

15. Plaintiff suffered nerve damage to his right hand.

16. Plaintiff suffered lacerations to his right hand index finger.

17. Following the incident, plaintiff received medical treatment at FCI Otisville.

18. The medical treatment provided to plaintiff was negligent and fell below the standard of care.

19. Due to the negligent medical treatment, plaintiff's injuries did not heal properly, which compounded his damages.

20. Amanda Dumont, a secretary at FCI Otisville, and Norberto Martinez, inmate #45757-053, witnessed the incident.

21. Plaintiff has suffered and continues to suffer severe pain and suffering as a result of his injuries.

22. Plaintiff has permanent injuries to his right hand that will cause future pain and suffering.

23. On or about October 27, 2023, plaintiff submitted an administrative claim to the Federal Bureau of Prisons Regional Office using Standard Form 95, as required by the Federal Tort Claims Act.

24. More than six months have passed since the submission of plaintiff's administrative claim, and the Federal Bureau of Prisons has not made a final disposition of the claim, which constitutes a denial of the claim pursuant to 28 USCS § 2675.

25. Thus the claim has been constructively denied, and this action is timely as it is filed within two (2) years of the accrual of the claim.

**CLAIMS FOR RELIEF**

**Count I - Negligence - Unsafe Equipment**
**(against defendant United States of America)**

26. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 25 as if fully set forth herein.

27. Defendant owed plaintiff a duty of care to provide reasonably safe equipment suitable for the tasks assigned to him as an inmate orderly.

28. Defendant, through its employees at FCI Otisville, provided plaintiff with a dolly that was inadequate and unsuitable for moving an 800-pound file cabinet.

29. Defendant breached its duty of care to plaintiff.

30. Defendant's breach of duty was the direct and proximate cause of plaintiff's injuries.

31. As a direct and proximate result of defendant's negligence, plaintiff suffered severe injuries to his right hand, including a crush injury to the first metacarpal of his right thumb, deep lacerations to his hand at the base of his right thumb, near amputation of his right thumb, nerve damage to his right hand, and lacerations to his right hand index finger.

32. As a direct and proximate result of defendant's negligence, plaintiff has suffered and continues to suffer severe pain and suffering.

33. As a direct and proximate result of defendant's negligence, plaintiff has suffered permanent injuries that will cause future pain and suffering.

**Count II - Negligence - Medical Malpractice**
**(against defendant United States of America)**

34. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 33 as if fully set forth herein.

35. Defendant, through its medical staff at FCI Otisville, owed plaintiff a duty to provide medical care that met the accepted standard of care.

36. Defendant, through its medical staff at FCI Otisville, provided plaintiff with medical treatment that fell below the accepted standard of care.

37. Defendant breached its duty of care to plaintiff.

38. Defendant's breach of duty was the direct and proximate cause of plaintiff's injuries not healing properly.

39. As a direct and proximate result of defendant's negligent medical treatment, plaintiff's injuries were compounded and did not heal properly.

40. As a direct and proximate result of defendant's negligent medical treatment, plaintiff has suffered and continues to suffer additional pain and suffering beyond what would have resulted from proper treatment.

41. As a direct and proximate result of defendant's negligent medical treatment, plaintiff has suffered more severe permanent injuries than would have resulted from proper treatment.

**Count III - Negligent Supervision and Training**
**(against defendant United States of America)**

42. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 42 as if fully set forth herein.

43. Defendant had a duty to properly supervise and train its employees regarding appropriate equipment for inmate work assignments and proper medical care protocols.

44. Defendant breached its duty by failing to ensure that its employees assigned tasks to inmates with appropriate equipment and provided proper medical care.

45. Defendant's breach of duty was the direct and proximate cause of plaintiff's injuries.

46. Defendant's employees at FCI Otisville directed plaintiff to move an 800-pound file cabinet with inadequate equipment, which resulted in plaintiff's severe hand injuries.

47. Defendant's medical staff at FCI Otisville provided negligent medical treatment that compounded plaintiff's injuries.

48. As a direct and proximate result of defendant's negligent supervision and training, plaintiff suffered severe injuries to his right hand and received inadequate medical treatment that prevented proper healing.

49. As a direct and proximate result of defendant's negligent supervision and training, plaintiff has suffered and continues to suffer severe pain and suffering.

50. As a direct and proximate result of defendant's negligent supervision and training, plaintiff has suffered permanent injuries that will cause future pain and suffering.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests that this Court enter judgment against defendant and award the following relief:

- Compensatory damages against defendant in the amount of $500,000 for past pain and suffering.

- Compensatory damages against defendant in the amount of $500,000 for future pain and suffering.

- Compensatory damages against defendant for all past and future medical expenses related to plaintiff's injuries in an amount to be determined at trial.

- Costs of this action pursuant to 28 USCS § 2674.

- Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: County of Sullivan, New York
September 14, 2025

*John Janusas*
JOHN V. JANUSAS
Attorney for Plaintiff
17 North Main Street
Liberty, New York 12754
(845) 295-4550